UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SZCZODROWSKI and DAWN
SZCZODROWSKI,                                            Case No. 15-10668

       Plaintiffs,                                         Honorable Nancy G. Edmunds

v.

SPECIALIZED LOAN SERVICING, LLC
and THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK,

       Defendants.
                                     /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [4] AND DENYING PLAINTIFFS' REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT [10]**

Plaintiffs' suit arises out of the foreclosure and August 26, 2014 sheriff's sale of residential property located at 919 Bluffton Street, Walled Lake, Michigan, 48390 (the "Property") to the Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the certificate holders of CWABS, Inc. ("Defendants"). The crux of Plaintiffs' complaint revolves around Defendants' alleged unwillingness to modify the terms of their mortgage. On this premise, Plaintiffs allege, *inter alia*, that Defendants (1) acted in bad faith by failing to formally respond to their requests for payment assistance, and (2) violated several provisions of the Real Estate Settlement Procedures Act ("RESPA), 26 U.S.C. § 2601, *et seq*. In addition, Plaintiffs' seek the Court's permission to file an amended complaint to add a claim for wrongful foreclosure under Michigan's foreclosure by advertisement statute, Mich. Comp. Laws. § 600.3205. Plaintiffs seek relief in the form of a judgment setting aside

the sheriff's sale and monetary damages associated with the emotional distress caused by Defendants' conduct.

For the reasons stated below, the Court GRANTS Defendants' motion to dismiss and DENIES Plaintiffs' request to file an amended complaint because any amendment would be futile.

**I.   FACTS**

On November 15, 2006, Plaintiffs entered into a mortgage loan transaction with non-party First Residential Mortgage Network, Inc. (the "Lender"). As security for the loan, Plaintiffs executed a promissory note in the amount of $189,550 in favor of the Lender. The note was secured by a mortgage on the Property in favor of the Lender and its successors and assigns. (Def.'s Mot. Ex. B). At some point, Plaintiffs acknowledge that the Lender's interest in the Property was assigned to Defendant Bank of New York Mellon ("BNYM"). (Compl. ¶ 8). Plaintiffs do not contest the validity of the assignment or BNYM's interest in the Property. On or about February 16, 2012, servicing for the loan was assumed by Defendant Specialized Loan Servicing, LLC ("SLS").

In April of 2008, Plaintiffs "fell behind on their mortgage payments as a result of a bad economy and reduction in wages" and "were not able to make their scheduled mortgage payments as agreed." (*Id.* at ¶ ¶ 10-11).  According to the complaint, in October of 2013, Plaintiffs attempted to avoid foreclosure by applying for a loan modification with SLS. Despite allegedly complying with all of SLS' application procedures, "no loan modification or workout was ever presented, and no written approval or denial . . . was ever provided." (Compl. ¶ 18).

On December 3, 2014, Plaintiffs filed a complaint with the Consumer Financial

Protection Bureau ("CFPB") concerning SLS' alleged failure to respond to their request for payment assistance. Over a year later, SLS responded to Plaintiffs' complaint with a copy of a letter dated November 7, 2012 informing Plaintiffs that they were "approved to start a Trial Period Plan for the new [loan] modification program recently introduced . . . ." (Plfs' Amend. Compl., Ex. 1). Plaintiffs maintain that SLS' response to their CFPB complaint was the first time they received notice of the offer contained in the November 7 correspondence.

Ultimately, BNYM opted to move forward with the foreclosure process and the Property was sold on August 26, 2014. The statutory redemption period expired on February 27, 2014 at which point legal title vested in BNYM.

On October 3, 2014, Defendants removed this case from the Oakland County Circuit Court to this Court on the basis of diversity jurisdiction. In their complaint, Plaintiffs lodge three claims related to Defendants' handling of their request for a loan modification; "bad faith", negligence, and a RESPA claim. On April 9, 2015, Plaintiffs filed a motion seeking leave to amend their complaint to add a claim for wrongful foreclosure.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir.2007) (citing Fed.R.Civ.P. 10(c)). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim.*" Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999) (internal quotation marks and citations omitted).

### B. Rule 15(a) Amendment Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. However, a motion to amend a complaint should be denied if the

4

amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). A proposed amendment of a complaint is "futile" if the amendment could not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

### III. ANALYSIS

Defendants argue that each of Plaintiffs' claims have been emphatically rejected by the Sixth Circuit or controlling Michigan precedent. The crux of Defendants' legal position is relatively simple: Plaintiffs failed to redeem the Property before the expiration of the redemption period and have not and cannot make a showing of fraud or irregularity sufficient to set aside the foreclosure sale. The Court agrees.

#### A. Plaintiffs Failed to Exercise Their Redemption Rights

Under Michigan law, mortgagors have six months to redeem their property following a sheriff's sale. Mich. Comp. Laws. § 600.3240. It is well established that "once the redemption period following foreclosure of a property has expired, . . . the former owner's rights in and title to the property are extinguished. At that point, the former owner loses [the ability] to assert claims with respect to the property." *Luster v. Mortg. Elec. Registration*

5

*Sys., Inc.*, No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (citing cases). Further, filing a lawsuit within the redemption period, as Plaintiffs did here, is "insufficient to toll the redemption period." *Overton v. Mortgage Electronic Registration Systems,* No. 07–725429, 2009 WL 1507342, *1 (Mich.App. May 28, 2009). Once the statutory redemption period expires, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement . . . in the absence of a clear showing of fraud, or irregularity.'" *Luster,* 2012 WL 124967 at *2; (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). The fraud or irregularity must relate to the foreclosure proceeding itself. *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, *2 (Mich. Ct. App. Dec. 28, 2001).

Here, all of Plaintiffs' rights in the Property were extinguished when the redemption period expired on February 27, 2014, and they fail to establish how, if at all, Defendants' actions with respect to the loan modification process support a strong showing of fraud or irregularity. Indeed, Plaintiffs have merely claimed that Defendants "acted in bad faith by neither approving nor denying Plaintiffs a loan modification . . . . " (Compl. ¶ 21). Notwithstanding the paucity of Plaintiffs fraud allegations, several courts have explicitly rejected post-redemption foreclosure challenges premised upon a mortgagor's refusal to grant a loan modification. In *Carr v. JP Morgan Chase Bank, NA*, No. 13-11573, 2013 WL 5450291, at *2 (E.D. Mich. Sept. 30, 2013), for example, the court reasoned as follows:

> Plaintiffs' Complaint fails to allege any fraud or irregularity, *as to the foreclosure proceeding itself.* Rather, Plaintiffs allege that Defendant failed to advise them that they were not entitled to another loan modification until after one year from the first loan modification and that entering into a repayment plan would ultimately seal their fate. Even if the Bank failed to

> notify Plaintiffs they were not entitled to a loan modification until a year after their first loan modification, Plaintiffs . . . do not assert any irregularity *as to the foreclosure proceeding itself.*

(emphasis supplied). The Sixth Circuit has likewise been clear that "a violation of the loan modification statute, [Mich. Comp. Laws. § 600.3205(c)], standing alone is not enough to show fraud or irregularity." *Acheampong v. Bank of N.Y. Mellon*, No. 12-13222, 2013 WL 173472, at *7-8 (E.D. Mich. May 17, 2013), *aff'd* 531 Fed. App'x 751 (6th Cir. 2013) (per curiam). Therefore, Plaintiffs' allegation that SLS failed to process their request for a loan modification cannot constitute fraud or irregularity sufficient to set aside the sheriff's sale. As such, the Court must and does dismiss Count 1 of the complaint.

Furthermore, for these same reasons, Plaintiffs' request for leave to file an amended complaint to add a claim for wrongful foreclosure would be futile. As a preliminary matter, the Court notes that the statutes relied upon by Plaintiffs–Mich. Comp. Laws. §§ 600.3205 and 600.3206–have been repealed effective June 30, 2013. *See* P.A. 2012, No. 521. As such, "Defendant[s] cannot be held liable for any alleged violations of MCL § 600.3205 because that statute has been repealed, making any possible claims moot." *Santilli v. JPMorgan Chase Bank, N.A.*, No. 14-12359, 2014 WL 6675327, at *6 (E.D. Mich. Nov. 25, 2014). Moreover, Plaintiffs have not and cannot demonstrate prejudice or actual harm as a result of SLS' failure to comply with the notice requirements under § 600.3212. A defect in notice "is only actionable upon a showing of actual prejudice" to the mortgagor. *Fawcett v. Wells*, No. 13-cv-10591, 2013 WL 6181719, at *3 (E.D. Mich. Nov. 26, 2013) (citing *Lessl v. CitiMortgage, Inc.*, 515 Fed. App'x 467, 469 (6th Cir. 2013). "[N]o prejudice from inadequate notice can be found . . . when the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to

preserve some or any portion of his interest in the property." *Id.* (citing *Lessl,* 515 App'x at 469.). Plaintiffs fail to allege any facts suggesting they would have been in a better position had SLS complied with § 600.3204.

Finally, even assuming, *arguendo*, that § 600.3205c was in existence at the time Defendants commenced foreclosure proceedings, " . . . other courts in this District have 'uniformly' held that noncompliance with the Loan Modification Statute is insufficient to set aside a foreclosure and sheriff's sale.'" *Kopko v. Bank of New York Mellon*, No. 12–cv–13941, 2012 WL 5265758, at *14–15 (E.D.Mich. Oct. 23, 2012) (collecting authority). The only remedy available under the Loan Modification Statute is "to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8). Thus, "even if, as Plaintiffs allege, [BNYM] violated the Loan Modification Statute, Plaintiffs' exclusive remedy—a remedy they failed to pursue—was to file an action to convert the foreclosure by advertisement into a judicial foreclosure." *Powell v. Bank of New York Mellon*, No. 12-14411, 2014 WL 3420780, at *2 (E.D. Mich. July 14, 2014). As such, there is simply no basis upon which to set aside the foreclosure and sheriff's sale under this statute.

For these reasons, Plaintiffs' request for leave to file an amended complaint is DENIED.

### B. Defendants Did Not Owe Plaintiffs a Legal Duty Separate and Distinct From its Contractual Obligations

Count III is related to Count I insofar as it rests on the premise that this Court should set aside the foreclosure sale and enter an award of monetary damages based upon Defendants' refusal to entertain Plaintiffs' request for a loan modification. In essence,

Plaintiffs assert that SLS "breached its duty of care by never reviewing or properly responding to Plaintiffs' loan modification request . . . ." (Compl. ¶ 39). SLS argues that it had no independent duty to evaluate Plaintiffs' eligibility for a loan modification, and that any claim for negligence necessarily fails as a result. The Court agrees.

To state a viable negligence claim, Plaintiffs must plead, with sufficient factual support, "(1) that the defendant owed a duty to [them], (2) that the defendant breached the duty, (3) that the defendant's breach of the duty caused [their] injuries, and (4) that [they] suffered damages." *Lelito v. Monroe*, 273 Mich.App. 416, 418–419, 729 N.W.2d 564 (Mich. Ct. App. 2006). In the context of tort actions based on a contract, the Michigan Supreme Court has held that "courts should use a 'separate and distinct mode of analysis.' [T]he threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie.'" *Warner v. Fed. Home Loan Mortg. Corp.*, 12–15185, 2013 WL 1281932 (E.D. Mich. Mar. 26, 2013) (internal citations and quotations omitted). Generally speaking, "a lender does not owe a duty of care to a loan applicant." *Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 845 (E.D. Mich. 2010). Several courts in this District "have expanded this rule to deny a duty of reasonable care in the loan modification context." *Ross v. Fed. Nat. Mortgage Ass'n*, 13-12656, 2014 WL 3597633, at *9 (E.D. Mich. July 22, 2014) (collecting cases). Plaintiffs, relying on *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 166–67 (6th Cir. 2014), attempt to get around this conclusion by arguing that Defendants alleged violation of HAMP and RESPA would, if proven, support their claim for state law negligence. This theory has been previously considered and rejected for a number of reasons.

In *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486 (1st Cir. 2013), for example, the First Circuit reasoned as follows:

> The MacKenzies correctly point out that 'violations of a statute may constitute evidence of negligence,' and that '[a] claim for negligence based on a statutory or regulatory violation can survive even where there is no private cause of action under that statute or regulation.' Both of those propositions are true, but neither directly addresses the dispositive issue here: statutory or regulatory violations cannot give rise to a negligence claim when there is no independent duty of care between the parties.... [I]n the absence of an independent duty, a plaintiff cannot proceed with a negligence claim based solely on a statutory or regulatory violation.

At least one court in this district has adopted *MacKenzie's* reasoning in the context of a negligence claim premised on a violation of HAMP. *See Ray v. U.S. Bank Nat. Ass'n*, No. 14-11831, 2015 WL 400918, at *6 (E.D. Mich. Jan. 28, 2015) ("[t]his Court finds the First Circuit's reasoning in *MacKenzie* persuasive. The Rays' negligence claim fails as a matter of law.). Moreover, "because of the overwhelming case law finding that plaintiffs do not have a private right of action to sue for a violation of HAMP . . . courts should be reluctant to allow plaintiffs to recast these claims–involving alleged failures to conform to the provisions of HAMP–as tort violations." *Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 828 (E.D. Mich. 2012). This Court agrees with *MacKenzie* and its progeny. Indeed, Plaintiffs fail to direct the Court's attention to any Michigan precedent holding that HAMP imposes a legal duty sufficient to support a claim for common-law negligence. *See e.g. Campbell v. Nationstar Mortgage*, No. 14-10645, 2014 WL 3808934, at *5 (E.D. Mich. May 19, 2014) ("[a]lthough Campbell cites holdings from other jurisdictions and argues that there is no Sixth Circuit precedent on this issue, she has not provided any Michigan cases in which negligence claims under HAMP have been recognized. As a result, this claim must be dismissed.")

Nor would a violation of RESPA, if proven, provide support for Plaintiff's negligence claim. First, for reasons discussed below, Plaintiffs have failed to state a viable claim for relief under RESPA. Furthermore, the RESPA regulation relied upon by Plaintiffs specifically disclaims any duty for a loan servicer to provide a loan modification. *See* 12 C.F.R. § 1024.41(a) ("[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower withy any specific loss mitigation option."). "Without any 'independent duty' that is a duty divorced from the governing contract, Plaintiff[s] [have] not stated a claim for negligence.'" *Polidori v. Bank of America, N.A.,* 977 F.Supp.2d 754, 764 (E.D. Mich. 2013). As a result, Count II must be and is dismissed.

**C. Plaintiffs' RESPA Claim Fails as a Matter of Law**

Finally, Plaintiffs claim that Defendants violated RESPA (12 C.F.R. § 1024.41) by "failing to provide written notice within 30 days of what loan modification options it would offer" . . . ., and "noticing Plaintiffs' home for a foreclosure sale, despite the fact that Plaintiffs had submitted a complete loss mitigation package on or about October of 2013 . . . ." (Compl. ¶¶ 29, 31). Plaintiffs seek relief in the form of a judgment setting aside the sheriff's sale and an order requiring SLS to conduct an evaluation of their mortgage loan for a modification. Furthermore, Plaintiffs also seek an award of monetary damages stemming from SLS' allegedly wrongful conduct.

As a preliminary matter, the Court notes that the principal relief sought by Plaintiffs–to set aside the foreclosure sale–is unavailable to them under REPSA. *See* 12 C.F.R. § 1024.41 (providing that the provisions of this section may be enforced under 12 U.S.C. § 2605(f)); 12 U.S.C. § 2605(f) (authorizing monetary damages only; specifically, actual damages resulting from RESPA violation and, in the case of "a pattern or practice of

11

noncompliance," statutory damages not to exceed $2,000); *see also Servantes v. Caliber Home Loans, Inc.*, 14-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014) (the relief sought by plaintiffs "to stay or set aside the sheriff's sale, or alternatively, to permit the matter to proceed to judicial foreclosure[,] is unavailable to them under REPSA."). Accordingly, the Court declines to address the merits of Plaintiffs' claim as it relates to a request for equitable or injunctive relief.

To the extent that Plaintiffs are seeking an award of monetary damages under REPSA, this claim likewise fails. First, as the Court has already discussed, "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41. Moreover, even assuming, *arguendo,* that SLS was obligated to modify the terms of Plaintiffs' mortgage loan, "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Claxton v. Orlans Associates, P.C.*, 10-11813, 2010 WL 3385530, at *5 (E.D. Mich. Aug. 26, 2010) (citations and quotations omitted). Furthermore, "the damages alleged must be damages suffered as a result of the failure to satisfy the RESPA duty at issue." *Id.*

Here, the only actual damages pled in the complaint–albeit not in connection with the REPSA count–is a claim for "emotional damages due to the stress of living under the fear of losing their home as a result of Defendant's negligent mishandling of their loan modification application." (Compl. ¶ 42). Notwithstanding the conclusory nature of Plaintiffs' allegation, mere "stress" is not enough to meet the minimum pleading standards under RESPA. As the court explained in *Eichholz v. Wells Fargo Bank, NA*, 10-13622, 2011 WL 5375375, at *5 (E.D. Mich. Nov. 7, 2011):

12

> Recoverable emotional distress requires '[a] highly unpleasant mental reaction (such as anguish, grief, fright, humiliation, or fury),' because '[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it[.]' While Plaintiff doubtless experienced an unpleasant emotion, frustration does not rise to the level of emotional distress. Furthermore, even if Plaintiff's harm constituted emotional distress, Plaintiff has failed to describe the 'range of intense, negative emotions' he felt with any degree of detail, nor has Plaintiff offered proof thereof. Merely claiming to have experienced negative emotions does not suffice to establish damages under RESPA.

The only factual allegation related to Plaintiffs' emotional harm is that they suffered from "stress." This is precisely the sort of threadbare allegation considered and rejected in *Eicholz*, and Plaintiffs fail to offer any persuasive reason why the result should any different here. *Compare Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th. Cir.2011) (denying summary judgment where plaintiffs described emotional distress as including sleep loss, depression, shakiness, headaches, and crying); *with Webb v. Chase Manhattan Mortg. Corp.*, 05–0548, 2008 WL 2230696, at * 14 (S.D.Ohio May 28, 2008) ("[d]espite the fact that it is Plaintiff Carter's burden to show actual damages, she has failed to present any specific evidence of such damages. Rather, Plaintiff simply states that her damages include . . . damages for emotional distress . . . ."). Plaintiffs' RESPA claim, therefore, fails as a matter of law. The Court thus dismisses Count II of the complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' motion to dismiss the complaint (Dkt. # 4) and DENIES Plaintiffs' request seeking leave to amend (Dkt. # 10). This order closes the case in its entirety.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: May 1, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2015, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager